# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )        Case No. 14-MJ-1061-RBC
A BACKPACK LOCATED WITHIN A 1996 FORD )
ESCAPE, MASSACHUSETTS )
REGISTRATION 2SNZ10 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
A BACKPACK LOCATED WITHIN A 1996 FORD ESCAPE, Massachusetts Registration 2SNZ10, VIN 1FMCU94126KD25315, more fully described a in Attachment A, which is incorportated by reference

located in the _____ District of ___MASSACHUSETTS___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is incorporated by reference for a list of property to be seized

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2252 AND 2252A | DISTRIBUTION AND ATTEMPTED DISTRIBUTION OF CHILD PORNOGRAPHY AND POSSESSION OF CHILD PORNOGRAPHY |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

SCOTT W. KELLEY, USPIS
Printed name and title

Sworn to before me and signed in my presence.

Date: ___07/01/2104___

_____
Judge's signature

City and state: BOSTON, MA

ROBERT B. COLLINGS, U.S. MAGISTRATE JUDGE
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Scott W. Kelley, being first duly sworn, hereby depose and state:

1. I am a Postal Inspector with the United States Postal Inspection Service (USPIS), having been appointed to this position in June 2007. I am currently assigned to the Boston Division and I am responsible for the investigation of various crimes relating to the United States Mail. Prior to my appointment as a Postal Inspector, I was a Special Agent with the Naval Criminal Investigative Service (NCIS) for approximately one year and I was responsible for investigations in the interest of the United States Navy and Marine Corp. Prior to my NCIS employment, I was a Postal Inspector with USPIS between approximately September 2003 and June 2006. I have attended training at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA and have completed Basic Inspector Training (BIT) in Potomac, MD. I have received training in the investigation of crimes involving the sexual exploitation of children by attending numerous seminars and courses. I have investigated child pornography cases and related sexual offenses for approximately seven years.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3. I have conducted numerous investigations relating to the possession, receipt, transportation, distribution, and production of child pornography and obscene visual representations of the sexual abuse of children over the Internet and the US Mail. I have received training in investigations relating to the sexual exploitation and physical sexual abuse of minors. I have reviewed thousands of images and videos of actual and suspected child pornography, child erotica, and obscene visual representations of the sexual abuse of children.

4. This affidavit is submitted in support of an Application for a Search Warrant authorizing a search of a blue backpack ("**BACKPACK**") located within a 2006 Ford Escape bearing Massachusetts Registration plate 2SNZ10, VIN 1FMCU94126KD25315 ("the vehicle"). The vehicle is currently in the custody of the Mashpee Police Department, Mashpee, Massachusetts. The purpose of this application is to seize and search evidence, more particularly described in Attachment B, incorporated herein by reference, as evidence, fruits, and instrumentalities of criminal activity.

5. I have probable cause to believe that evidence, fruits, and instrumentalities of violations of 2252(a)(2) & 2252A(a)(2) (distribution and attempted distribution of child pornography), and 2252(a)(4)(B) & 2252A(a)(5)(B) (possession of child pornography), are located within the BACKPACK. I am requesting authority to search the entire **BACKPACK** where the items specified in Attachment B may be found, and to seize all items listed in Attachment B as instrumentalities, fruits, and evidence of criminal activity.

6. The statements contained in this affidavit are based upon my personal observations, training and experience, and review of relevant records related to this investigation, as well as information provided to me by other law enforcement officers involved in this investigation.

1

7.      Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(2), 2252A(a)(2), 2252(a)(4)(B), and 2252A(a)(5)(b), are present in the BACKPACK. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

8.      On June 13, 2014, this Court issued a search warrant for the residential address of 174 Lowell Road, Unit 39, Mashpee, Massachusetts ("the residence"), [14-MJ-1024-RBC]. On June 24, 2014, the USPIS was conducting surveillance at the Mashpee residence in anticipation of the execution of the search warrant. At approximately 6:50 a.m., law enforcement observed the defendant, Daniel O'Hern exit the residence carrying the **BACKPACK**, enter a gray Ford Escape bearing Massachusetts Registration 2SNZ10, and leave the area. A few minutes after the vehicle left the residence the vehicle was stopped. I approached defendant and identified myself and explained that I was in possession of a federal search warrant for his residence. Defendant agreed to accompany myself and the other agents back to the residence. Defendant exited his vehicle, entered the back seat of a law enforcement vehicle, and was then transported back to the residence. During my interaction with defendant, and prior to leaving the area, I observed on the floor of back seat of the vehicle, the **BACKPACK** which the defendant had carried when leaving the residence a few moments earlier.

9.      On June 24, 2014, I executed the federal search warrant at the residence. Seized during the execution of the warrant were numerous digital devices including computers, external hard drives, DVD's, CD's, and other media storage devices. During the search law enforcement officers seized a number of gym bags containing DVD's and CD's (approximately 300 DVD's and CD's). These gym bags were located in multiple locations throughout the residence. During the course of the search warrant law enforcement conducted an initial on-sight preview of some of the digital media mentioned above. The preliminary review has uncovered numerous images of videos of children being sexually exploited.

10.     Following the execution of the search warrant, defendant was arrested and charged with Distribution and Attempted Distribution of Child Pornography in violation of 18 U.S.C. §2252A(a)(2), and Possession of Child Pornography in violation of 18 U.S.C. §2252A(a)(5), [14-MJ-1054-RBC].

11.     Based on my training and experience, and the training and experience of other law enforcement officers with whom I have had discussions, I know that there are certain characteristics common to individuals who possess child pornography. Among other things, individuals who receive and possess child pornography almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, video tapes, DVD's, CD's, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc. in their home or other secure locations including but not limited to motor vehicles. Individuals who have a sexual interest in children or images of children typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists,

child erotica, and videotapes for many years. I also know that individuals who possess these items utilize backpacks, gym bags, and other satchel type bags to possess, transport and distribute these items.

12.     Based upon my training and experience and information related to me by agents and others involved in the forensic examination of computers, I know that computer data can be stored on a variety of systems and storage devices including hard disk drives, solid state drives, floppy disks, DVD's, CD's, magnetic tapes and memory chips. I also know that during the on scene search it is not always possible to search computer equipment and storage devices for data for a number of reasons, including the following:

> a.      Searching computer systems is a highly technical process which requires specific expertise and specialized equipment. There are so many types of computer hardware and software in use today that it is impossible to bring to the search site all of the technical manuals and specialized equipment necessary to conduct a thorough search. In addition, it may also be necessary to consult with computer personnel who have specific expertise in the type of computer, software application or operating system that is being searched.

> b.      Searching computer systems requires the use of precise, scientific procedures which are designed to maintain the integrity of the evidence and to recover "hidden," erased, compressed, encrypted or password-protected data. Computer hardware and storage devices may contain "booby traps" that destroy or alter data if certain procedures are not scrupulously followed. Since computer data is particularly vulnerable to inadvertent or intentional modification or destruction, a controlled environment, such as a law enforcement laboratory, is essential to conducting a complete and accurate analysis of the equipment and storage devices from which the data will be extracted.

13.     The volume of data stored on many computer systems and storage devices will typically be so large that it will be highly impractical to search for data during the execution of the physical search of the premises. A single megabyte of storage space is the equivalent of 500 double-spaced pages of text. A single gigabyte of storage space, or 1,000 megabytes, is the equivalent of 500,000 double-spaced pages of text.

14.     Computer users can attempt to conceal data within computer equipment and storage devices through a number of methods, including the use of innocuous or misleading filenames and extensions. For example, files with the extension ".jpg" often are image files; however, a user can easily change the extension to ".txt" to conceal the image and make it appear that the file contains text. Computer users can also attempt to conceal data by using encryption, which means that a password or device, such as a "dongle" or "keycard," is necessary to decrypt the data into readable form. In addition, computer users can conceal data within another seemingly unrelated and innocuous file in a process called "steganography." For example, by using steganography a computer user can conceal text in an image file which cannot be viewed when the image file is opened. Therefore, a substantial amount of time is necessary to extract and sort through data that is concealed or encrypted to determine whether it is evidence, contraband, or instrumentalities of a crime.

15.     Based on my own experience and my consultation with other agents who have been involved in computer searches, searching computerized information for evidence or instrumentalities of a crime often requires the seizure of all of a computer system's input and output peripheral devices, related software, documentation, and data security devices (including passwords) so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment. There are several reasons that compel this conclusion:

    a.      The peripheral devices that allow users to enter or retrieve data from the storage devices vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output devices in order to read the data on the system. It is important that the analyst be able to properly re-configure the system as it now operates in order to accurately retrieve the evidence listed above. In addition, the analyst needs the relevant system software (operating systems, interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media), as well as all related instruction manuals or other documentation and data security devices; and

    b.      In order to fully retrieve data from a computer system, the analyst also needs all storage devices, as well as the central processing unit. In cases like the instant one where the evidence consists partly of image files, the monitor and printer are also essential to show the nature and quality of the graphic images which the system could produce. Further, the analyst again needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) for proper data retrieval.

4

## Conclusion

16. Based upon the information set forth above, I submit that there is probable cause to believe that evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252(a), 2252(a)(4)(B), 2252A(a)(2), and 2252A(a)(5)(B), as more particularly described in Attachment B, are located within the **BACKPACK** as more particularly described in Attachment A. I respectfully request that this Court authorize a search warrant for the **BACKPACK**, authorizing the seizure of the items described in Attachment B.

Scott W. Kelley
United States Postal Inspector

SWORN AND SUBSCRIBED TO BEFORE ME ON JULY 1, 2014.

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE

5

## ATTACHMENT A

## DESCRIPTION OF THE ITEM TO BE SEARCHED

A backpack located within a gray 2006 Ford Escape bearing Massachusetts Registration 2SNZ10, VIN # 1FMCU94126KD25315, currently in the impound lot of the Mashpee Police Department Mashpee, Massachusetts.

6

## ATTACHMENT B

## ITEMS TO BE SEIZED

1.  Images of child pornography and computer files containing images of child pornography in any form wherever it may be stored or found, including, but not limited to:

    a.  any computer, computer hard drive, computer system, digital storage device, and related peripherals; such as external hard drives, flash drives, thumb drives, magnetic media floppy disks, optical disks, computer floppy disks, digital cameras, tapes, cassettes, cartridges, and any electronic data storage devices including, but not limited to, CD-ROMs, DVDs, cellular telephones which have the capability to store images, Xbox 360, and other storage mediums such as Apple's IPOD line of products and Microsoft's Zune digital players;

    b.  books and magazines containing visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256;

    c.  printed originals, copies, or negatives of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256; and

    d.  motion pictures, films, videos, and other recordings of visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

2.  Any other computer-related equipment which may serve to facilitate the commission of child pornography offenses or any internet-related activity germane to the commission of child pornography offenses;